Philip A. Nicholas
Jason M. Tangeman
Anthony, Nicholas, Tangeman & Yates, LLC
170 N. Fifth Street
P.O. Box 0928
Laramie, WY 82073
(307) 742-7140
(307) 742-7160 Fax

James B. Harris
Becky L. Jolin
Steven R. Baggett
Thompson & Knight, L.L.P
1700 Pacific, Suite 3300
Dallas, TX 75201
214-969-1102
214-880-3274 Fax

Attorneys for Defendant Mountain Cement Company

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JUN 13 2005

Stephan Harris, Clerk
Cheyenne

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| Biodiversity Conservation Alliance and Sierra Club, )<br><br>Plaintiffs, )<br>vs. )<br>Mountain Cement Company, )<br>Defendant. ) | Case No. 04CV 361-B |

## MOUNTAIN CEMENT COMPANY'S PROPOSED
## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to Local Rule 7.1(b)(2)(A), Mountain Cement Company ("MCC") files these Proposed Findings of Fact and Conclusions of Law in connection with the Motion for Partial Summary Judgment to establish standing filed by Plaintiffs Biodiversity Conservation Alliance and Sierra Club (collectively referred to as "BCA").

A. PROPOSED FINDINGS OF FACT

    1. MCC owns and operates a cement plant in Laramie, Wyoming (the "Plant").

    2. MCC holds certain air permits related to the Plant that allow particulate matter emissions into the atmosphere.

3. BCA has not provided competent summary judgment evidence to establish that MCC has violated emissions limitations in its air permits.

4. BCA's member representatives are unable to tie their alleged injuries associated with air emissions from the Plant to alleged violations of MCC's air permit.

5. BCA's representatives are not qualified to determine whether air emissions from the Plant would violate MCC's air permit.

6. BCA's representatives have not suffered any illnesses as a result of air emissions at the Plant.

7. BCA's representatives have not visited any physician in connection with concerns about any future injuries resulting from air emissions at the Plant.

8. BCA's representatives complaints about the appearance of plumes at the Plant are subjective and inconsistent.

9. BCA's representatives have not connected the odors of which they complain to any particulate matter emissions at the Plant.

B.  CONCLUSIONS OF LAW

1. To establish standing under Article 3, BCA must show that (1) it has suffered an injury in fact, (2) the injury is fairly traceable to the challenged conduct of MCC, and (3) the challenged conduct is redressable in this case.

2. As a summary judgment movant, BCA is required to establish that there are no genuine issues of material fact and that it is entitled to judgment in its favor as a matter of law outstanding.

3. In the context of BCA's motion for summary judgment, all summary judgment evidence offered by MCC must be taken as true and all reasonable inferences must be indulged in favor of MCC.

4. BCA has the burden in this case to establish standing under Article 3.

5. As a summary judgment movant, BCA has the burden to establish each element of Article III standing as a matter of law.

6. BCA has failed to meet its requirements as a summary judgment movant by failing to establish all elements of Article III standing as a matter of law.

7. BCA's concerns about the environment and any future health threats related to MCC's Plant must be reasonable.

8. The deposition testimony of BCA's representatives, which is conflicting and inconsistent, does not satisfy BCA's burden of establishing injury as a matter of law.

9. The declaration of Michael A. Seaton, which contradicts the declarations of BCA's representatives, raises a fact issue concerning the reasonableness of BCA's injury claims.

10. To satisfy the element of standing requiring that injuries be fairly traceable to challenge conduct, BCA must show that emissions from the Plant have violated MCC's air permits.

11. BCA's failure to provide evidence of violations precludes a finding that BCA has satisfied the fairly traceable element of its standing claim.

12. To satisfy the redressability element of its standing claim, BCA must show that there are air permit violations to be redressed.

13. Because BCA has failed to provide any evidence of violations, BCA has failed to satisfy the redressability requirement as a matter of law.

Respectfully submitted,

_____
Philip A. Nicholas
Jason M. Tangeman

MOUNTAIN CEMENT COMPANY'S PROPOSED
FINDINGS OF FACT AND CONCLUSIONS OF LAW – Page 3

ANTHONY, NICHOLAS,
TANGEMAN & YATES, LLC
170 North Fifth Street
PO Box 0928
Laramie, WY 82073-0928
(307) 742-7140
(307) 742-7160 Fax

James B. Harris
Becky L. Jolin
Steven R. Baggett
Thompson & Knight, L.L.P
1700 Pacific, Suite 3300
Dallas, TX 75201
214-969-1102
214-880-3274 Fax

Attorneys for Defendant Mountain Cement Company

## CERTIFICATE OF SERVICE

I, Jason M. Tangeman, certify that a copy of the above and foregoing pleading was served on Plaintiffs by hand delivery and by placing a copy of the same in the U.S. Mail, postage prepaid and addressed as follows on June 13th, 2005:

Reed Zars
Attorney at Law
910 Kearney Street
Laramie, WY 82070

_____
Jason M. Tangeman